UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JANINE WEGENG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05:CV-753 WDS |
| vs. ) | |
| ) | |
| PAPA JOHN'S USA, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff's Complaint should be dismissed because it fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6) (West 2005).  Plaintiff's one-count Complaint asserting retaliation in violation of Title VII fails to allege that Plaintiff *herself* engaged in any statutorily protected activity.  Moreover, no facts exist in this case to suggest that she did.  In addition, Plaintiff's Complaint should be dismissed because this Court is an improper venue for adjudication of Plaintiff's claims.  *See* Fed. R. Civ. P. 12(b)(3).  Title VII places venue in the judicial district of the state where the alleged unlawful employment practices occurred.  Again, Plaintiff did not allege that any unlawful employment practices occurred against her in Illinois nor are there any facts at issue in this case to suggest that they did.

Accordingly, Papa John's is entitled to dismissal of Plaintiff's Complaint.

### Statement of Facts

1.   Defendant Papa John's USA, Inc., (hereinafter "Papa John's") is a Kentucky corporation with offices at 2002 Papa John's Boulevard, Louisville, Kentucky, and doing business as Papa John's pizza restaurants in Southern Illinois and Eastern Missouri.  (Compl. ¶ 5, 12, and 28.)

2. Plaintiff is a white female citizen of the United States who resides in Lake St. Louis, Missouri. (Compl. ¶ 3.)

3. Plaintiff was first employed by Papa John's in 2001 at its Maryland Heights, Missouri restaurant; she was subsequently transferred to Papa John's Harvester, Missouri restaurant, where Plaintiff is currently employed. (Compl. ¶¶ 4, 10, 12, and 28.)

4. On January 13, 2005, Plaintiff filed a charge of discrimination with the EEOC and Missouri Commission on Human Rights alleging retaliation by Papa John's in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). (Compl. ¶ 8; s*ee* cover sheet to EEOC charge No. 280-2005-01605 attached as Exhibit 1.)[1]

5. On October 18, 2005, Plaintiff filed her Complaint against Papa John's alleging retaliation under Title VII. (Compl.)

6. Plaintiff alleges Papa John's retaliated against her by (1) refusing to sell her a franchise store in Wentzville, Missouri; (2) transferring her from one Missouri restaurant to another Missouri restaurant; and (3) depriving her of support staff while she was managing the Maryland Heights, Missouri restaurant and the Harvester, Missouri restaurant. (Compl. ¶¶ 27, 28, 29, and 40.)

7. Plaintiff alleges these acts of retaliation were taken against her solely because her husband engaged in protected activity. Plaintiff never alleges she engaged in any protected activity. (Compl. ¶ 40.)

---

[1] A Court may, consistent with Rule 12(b)(6), consider the charge of discrimination appended to defendant's motion without converting the motion to one for summary judgment. When deciding a motion to dismiss, the Court may consider the complaint and documents whose contents are alleged in the complaint and whose authenticity no party questions but which are not physically attached to the complaint. *See Tierney v. Vahle,* 304 F.3d 734, 738 (7th Cir. 2002).

8. Plaintiff's husband currently has his own retaliation claim pending against Papa John's in the Southern District of Illinois, Case No. 05:CV-636 GPM. The husband's Motion for Leave to File Amended Complaint and add Plaintiff as a party is currently pending in that case. (Compl. ¶ 39.)

## Argument

Plaintiff fails to state a claim for retaliation because she bases her claim solely on the protected activities of her husband. Title VII plainly requires a plaintiff to have engaged in some sort of protected activity herself. In addition, venue is not proper in this Court because, as is obvious from the Complaint, all of the unlawful employment practices allegedly taken against Plaintiff occurred in Missouri. Title VII places venue in the state where the alleged unlawful employment practices occurred. Thus, Plaintiff's Complaint should be dismissed.

### I. Standard For Deciding a Rule 12(b) Motion to Dismiss.

When a motion to dismiss challenges the sufficiency of the Plaintiff's claims, the complaint should be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Chicago Consulting Actuaries, LLC v. Scrol,* 2005 WL 819555, 1 (N.D.Ill) (citing to *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). Although a plaintiff need not allege all facts to support her claim, "in order to withstand a motion to dismiss, a complaint must allege the 'operative facts' upon which each claim is based." *Id.* Even the Federal Rules' liberal notice pleading scheme "requires more than bald assertion" in a plaintiff's complaint. *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir. 1992). Moreover, when a motion to dismiss challenges venue, "it is the plaintiff's burden to establish that venue is proper." *Faur v. Sirius Intern. Ins. Corp.,* 391 F.Supp.2d 650, 657 (N.D.Ill. 2005).

## II. Plaintiff's Complaint Should Be Dismissed Because She Has Not And Cannot Allege *She* Engaged in Protected Activity.

The anti-retaliation language of Title VII is clear and unambiguous:

[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees … because *he* has opposed any practice made an unlawful employment practice by this subchapter or because *he* has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. 2000e-3(a) (West 2003) (emphases added).  Of course, it is beyond argument that a statute is first and foremost interpreted by its plain language. *See O'Kane v. Apfel*, 224 F.3d 686, 688 (7th Cir. 2000).

The Seventh Circuit has embraced the plain language of Title VII in setting forth the *prima facie* elements of a retaliation claim:

an employee must demonstrate that (1) *she* engaged in statutorily protected activity; (2) she performed her job according to her employer's legitimate expectations; (3) ... she suffered a materially adverse employment action; and (4) she was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

*Hilt-Dyson v. City of Chicago,* 282 F.3d 456, 465 (7th Cir. 2002) (emphasis added).  In this case, Plaintiff seeks to meet the first element by alleging her husband engaged in protected activity, not her.[2]  The plain language of Title VII does not support Plaintiff's assertion.

Three Courts of Appeal have fully analyzed this plain language of Title VII and specifically held that a plaintiff cannot rely solely on her spouse's protected activity to establish a retaliation claim.  The law in the Eighth Circuit holds that "a plaintiff bringing a retaliation claim under Title VII must establish that she personally engaged in the protected conduct." *Smith v. Rice,* 151 F.3d 813, 819 (8th Cir. 1998) (citing to *Holt v. JTM Industries, Inc.,* 89 F.3d 1224,

---

[2] Papa John's does not admit to Plaintiff's allegations related to elements two, three, and four and does not waive its right to challenge the truth or falsity of those factual allegations or to challenge whether those allegations support a claim for Title VII retaliation.

1227 (5th Cir. 1996) *cert. denied*, 520 U.S. 1229 (1997)); *see also Fogleman v. Mercy Hospital, Inc.,* 283 F.3d 561, 568 (3rd Cir. 2002) *cert. denied*, 537 U.S. 824 (2002)). *Smith* flatly rejected the plaintiff's appeal to expand the anti-retaliation protection of Title VII to employees who have not personally engaged in statutorily protected activity but have spouses employed by the same employer who have done so. *See Smith,* 151 F.3d at 819. Although it considered whether such an expansion was somehow necessary to protect the purpose of Title VII's overall statutory scheme, the Court of Appeals ultimately rejected that notion and decided that Title VII's "broad protection" already extends to any employee who in "*any manner"* assists or participates in carrying out the purposes of Title VII. *Id.*

Likewise, the Fifth Circuit Court of Appeals held that a husband could not state a claim for retaliation where "[t]here was no evidence [he] helped [his wife] prepare her charge or that he assisted in any way in its filing." *Holt,* 89 F.3d at 1227 (recognizing the anti-retaliation provisions of the ADEA and Title VII were similar and cases interpreting one were helpful in interpreting the other). In thoroughly addressing the issue, *Holt* recognized its holding created a "possible risk that an employer might discriminate against a complaining employee's relative or friend." *Id.* However, the court concluded that the language Congress used in the statute was better able to protect against retaliation than a court trying to determine "which other persons should have automatic standing to guard against the risk of retaliation." *Id.*

And most recently, the Third Circuit Court of Appeals held that "[t]he plain text of the anti-retaliation provisions requires that the person retaliated against also be the person who engaged in the protected activity." *Fogleman,* 283 F.3d at 569 (recognizing the anti-retaliation provisions of Title VII, the ADA, and the ADEA were nearly identical and that cases interpreting one is equally relevant to the interpretation of the other). Again, *Fogleman* considered whether

its holding would negate the legislature's intent but ultimately decided that "adherence to the statute's plain text" would not be "absurd" given the "plausible explanations for excluding third-party retaliation claims." *Id.* at 570.

Moreover, the U.S. Supreme Court's recent decision in *Jackson v. Birmingham Bd. of Educ.,* 125 S.Ct. 1497 (2005), supports the *Smith, Holt,* and *Fogleman* holdings.[3] *See McKenzie v. Comcast Cable Comm., Inc.,* 393 F.Supp.2d 362, 380 (D.Md. 2005) (writing the Supreme Court's dictum in *Jackson* strongly indicates the decisions in *Smith* and *Holt* are correct). In *Jackson*, the Supreme Court rejected the Board of Education's argument that the anti-retaliation provision of Title IX requires the plaintiff also to have been the victim of the underlying discrimination because the language of the statute did not require this relationship between the person retaliated against and the person who was originally discriminated against. *Jackson,* 125 S.Ct. at 1507. However, the Court specifically wrote that had Title IX's language been similar to Title VII's language, it would have accepted the Board's argument. *Id.* Thus, just as the District Court of Maryland found after careful analysis, it appears likely that the Supreme Court would require a plaintiff claiming Title VII retaliation to prove she was the one who engaged in the protected activity because the language of Title VII requires exactly that. *See McKenzie,* 393 F.Supp.2d at 380.

The Seventh Circuit has never held that a spouse can satisfy the first element of a Title VII retaliation claim merely by alleging her husband engaged in protected activities. *See Whittaker v. Northern Illinois Univ.,* 2003 WL 21403520, 1 (N.D.Ill.) (stating "[t]he Seventh Circuit, however, has assumed, though it has not specifically held, that an employee is protected from retaliation under Title VII based on the protected activities of that employee's spouse")

---

[3] It is also important to note that the Supreme Court denied *certiorari* on *Holt* (*see* 420 U.S. 1229 (1997)) and *Fogleman* (*see* 537 U.S. 824 (2002)).

(citing to *Drake v. Minnesota Mining & Manufacturing Co.,* 134 F.3d 878 (7th Cir. 1998)). In *Drake*, the court summarily wrote in dictum "we will assume" a wife can state a claim for retaliation under Title VII based on her husband's protected activities. *Drake,* 134 F.3d at 886. Indeed, the court in *Drake* did not need to fully address the issue because it found a more straightforward means to dismiss the wife's claim. *See id.* And interestingly, even *Drake* provides that to make a *prima facie* retaliation claim, "a plaintiff must demonstrate: (1) *he* engaged in statutorily protected expression …" *Id.* at 885 (emphasis added).

This passing assumption in *Drake* was based on *McDonnell v. Cisneros*, 84 F.3d 256 (7th Cir. 1996) where the court extended protection of Title VII's anti-retaliation provision to victims of "collective punishment." *McDonnell,* 84 F.3d at 262. Of course, the notion of "collective punishment" is not contemplated by the language of Title VII and the *McDonnell* case recognized this. *See id.* Therefore, *McDonnell* specifically limited its "collective punishment" theory to two situations that were necessary to remedy a "gaping hole in the protection of complainants and witnesses." *Id.* First, the Seventh Circuit noted the situation where the employer does not know who engaged in the protected activity and either "decides to retaliate against a group of workers that he knows includes the complainant or makes a mistake and retaliates against the wrong person." *Id.* The second situation is found where the "employer retaliates against an employee for having failed to prevent the filing of a complaint" and that employee's superiors had directed him to prevent such filings by his subordinates. *Id.* The court labeled this second situation as "passive opposition" to discrimination. *Id.*

Ultimately, *McDonnell* held that the plaintiff was protected by Title VII even though his opposition was "passive" as compared to the more traditionally recognized "active" form. *Id.* Nevertheless, it cannot be lost on this Court that *McDonnell* did nothing to dispense with the

Title VII statutory requirement that the plaintiff be engaged in some type of opposition to discrimination or otherwise participate in enforcing the protections of Title VII.[4] *See id.* Thus, even under a liberal application of the *McDonnell* analysis to this case, it is clear that Plaintiff fails to state a claim for retaliation against Papa John's.

First, Plaintiff is not one of the "complainants and witnesses" for whom the collective punishment theory was intended to protect. *See McDonnell,* 84 F.3d at 262. She never alleges, nor can she allege, to have been a complainant of or a witness to protected activity. Plaintiff merely alleges she is the spouse of an employee who allegedly engaged in protected activity. (*See* Compl. ¶ 40.) Second, Plaintiff does not claim Papa John's retaliated against the wrong person; indeed, Plaintiff's Complaint plainly asserts that her husband was the only one who allegedly engaged in protected activity. *See McDonnell,* 84 F.3d at 262; Compl. ¶ 40. Finally, no "passive opposition" can be found because Plaintiff does not claim to have prevented someone, let alone a subordinate, from engaging in protected conduct. *See id.* To be sure, there are no facts to suggest Plaintiff "fail[ed] to carry out [Papa John's] desire that she prevent [her] subordinates from filing discrimination complaints." *Id.* At bottom, unlike in *McDonnell,* Plaintiff has not alleged and cannot allege that she had any role whatsoever in her husband's alleged protected activity – active, passive or otherwise – and such an allegation, at a minimum, continues to be required by the Seventh Circuit's interpretation of Title VII's anti-retaliation provision.

---

[4] *Cf. EEOC v. Ohio Edison Co.,* 7 F.3d 541, 545-46 (6th Cir. 1993) (holding protection of Title VII's anti-retaliation provision includes "a claim in which an employee, *or his representative*, has opposed any practice made an unlawful employment practice"). The *Ohio Edison* court found a clear "*causal link* … between the person engaging in the protected activity and the person retaliated against." *Id.* at 546 (emphasis added). Just as in *McDonnell,* the court in *Ohio Edison* did not dispense with the requirement that a plaintiff show some causal connection between the person retaliated against and the person engaged in the protected activity, even though an unnecessary discussion in *Ohio Edison* seems to suggest third parties may be protected from Title VII retaliation where a relative engages in the protected activity. *See Holt,* 89 F.3d at 1227 n.2 (stating the holding in *Ohio Edison* was not inconsistent with its decision).

Therefore, upon careful analysis of the law in the Seventh Circuit and a review of other appellate decisions that have specifically addressed the issue, it is clear that to make a *prima facie* case of Title VII retaliation a plaintiff must allege and ultimately prove that she personally engaged in some form of statutorily protected activity. The Plaintiff in this case has not and cannot allege this and, thus, her Complaint must be dismissed for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6).

### III.  Plaintiff's Complaint Should Be Dismissed Because She Has Not and Cannot Allege Any Unlawful Employment Practices Were Taken Against Her in Illinois.

The venue provisions of Title VII set venue in, *inter alia*, the "judicial district in the State in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. 2000e-5(f)(3). Under Title VII's anti-retaliation provision, the "unlawful employment practices" are the acts of retaliation taken against the employee who opposes discrimination or participates in opposing discrimination proscribed by Title VII. *See* 42 U.S.C. 2000e-3(a). Thus, venue is proper in the state where the alleged retaliatory acts occurred. *See Zughni v. Pena,* 851 F.Supp. 300, 303 (N.D.Ill 1994) (holding venue was not proper in Illinois where, despite the plaintiff's unsupportable assertions to the contrary, the alleged unlawful employment practice taken against her occurred in Ohio).

In this case, Plaintiff plainly alleges the "unlawful employment practices" for which *she* seeks redress are Papa John's (1) refusal to sell her a franchise store in Wentzville, Missouri; (2) transfer of her from one Missouri restaurant to another Missouri restaurant; and (3) deprivation of support staff while she was managing the two Missouri restaurants. (Compl. ¶¶ 27, 28, 29, and 40.) Clearly, none of these unlawful employment practices took place in Illinois. And just as the *Zughni* court found, any assertion by Plaintiff that they did would be completely unsupportable by the facts as alleged in Plaintiff's own Complaint. In fact, it is not entirely clear

how Plaintiff can allege with any credibility that the "unlawful employment practices complained of herein were committed within the Southern District of Illinois." (Compl. ¶ 2.) To be sure, her EEOC charge listed the *Missouri* Commission on Human Rights as the corresponding state agency with jurisdiction over her claims. (*See* Exh. 1.) And her husband's Motion for Leave to File Amended Complaint to, in part, add Plaintiff as a party asserts that "[f]ailure to allow the addition of [his] wife as a party plaintiff will require her to file in a separate forum." (Motion for Leave ¶ 7; Compl. ¶ 39.)

Rather, Plaintiff's sole theory for advocating venue in this Court seems to be the alleged retaliation her husband claims he encountered in Illinois.[5] But Plaintiff has not and cannot claim these were unlawful employment practices taken against her or for which she can seek redress. Of course, given the well-settled law in the Eighth Circuit and the certain unfavorable impact on her retaliation claim as discussed above, another possibility is that Plaintiff is venue shopping. Nevertheless, there is simply no *legal* basis to find Plaintiff's Complaint has proper venue in this Court. Therefore, Plaintiff's Complaint must be dismissed for improper venue pursuant to F.R.C.P. 12(b)(3).

## Conclusion

Based on the foregoing arguments, Papa John's respectfully requests the Court GRANT its motion to dismiss.

---

[5] Plaintiff also alleges she lived in Illinois during the period of her alleged retaliation. (Compl. ¶ 3.) However, her residence is of no consequence for purposes of determining venue on a Title VII complaint. *See* 42 U.S.C. § 2000e-5(f)(3).

Respectfully submitted,

**STINSON MORRISON HECKER LLP**


By: _____*/s/ Eric A. Todd*_____
Eric A. Todd, S.D. Ill. Bar No. 6231350
Nathan J. Plumb, S.D. Ill. Bar No.6285092
100 South Fourth Street, Suite 700
St. Louis, Missouri 63102
Telephone: (314) 259-4500
Facsimile: (314) 259-4599

ATTORNEYS FOR DEFENDANT PAPA JOHN'S USA, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of December, 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

William E. Moench
2711 Clifton Ave.
St. Louis, Missouri 63139
Telephone: (314) 647-1800
Facsimile: (314) 647-1911

ATTORNEY FOR PLAINTIFF

_____/s/ *Eric A. Todd*_____